**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Chong Suk Lee

            Plaintiff,

   v.

Nails & Spa Together, Inc., Nails & Spa On
Second Avenue, Inc., and Chyrim Choi

         Defendants,

---

Index No. 24-CV-2549

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Chong Suk Lee, through her attorneys, for her Complaint against, Nails &
Spa Together, Inc., Nails & Spa On Second Avenue, Inc. and Chyrim Choi
("Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*
("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq. for
Defendants' failure to properly pay minimum wage and overtime compensation to
Plaintiff. During the certain course of her employment by Defendants, Plaintiff regularly
worked over forty (40) hours per week. Defendants did not pay Plaintiff minimum and
overtime wage properly. Plaintiff further alleges that Defendants' failure to pay minimum
and overtime wages is willful and intentional.

**THE PARTIES**

2.      Plaintiff was at all times relevant hereto employee of Defendants.

3.      Plaintiff was at all times relevant hereto an individual employed in the State of
New York by Defendants.

4.       Plaintiff was at all times relevant hereto resided in the State of New York.

5.       Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

6.       Between January 2013 and March 15, 2024, Plaintiff was hired by Defendants.

7.       Plaintiff typically commenced her workday around 9 a.m. and concluded between 7:30 and 8:00 p.m.

8.       Despite Ms. Lee dedicating approximately 11 years to working for the defendants, she was not compensated for all the hours she worked.

9.       The defendants failed to maintain accurate records of Plaintiff's work hours, and she was not instructed to keep such records.

10.      Instead, Defendants required Plaintiff and all other employees to record their clock-in time as 10 a.m. and clock-out time as 7 p.m. on the sign-in sheet, regardless of their actual working hours.

11.      From 2013 until March 2020, she consistently worked five days per week. During this period, she received $90 per day regardless of the number of hours worked in a day or week.

12.      Starting June 2020, Defendants began compensating Plaintiff at an hourly rate of $15.00.

13.      Between June 2020 and February 2023, she worked four days per week, and from March 2023 until March 15, 2024, she worked three days per week. Throughout this period, Plaintiff regularly worked 10 to 11 hours per day but was only compensated for 8 hours per day at the hourly rate of $15.00.

14.     Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

15.     Plaintiff performed work for Defendants the said hour's work as an express condition of her continued employment.

16.     From 2013 until February 2023, Plaintiff regularly worked more than 40 hours a week and was never paid the overtime wages.

17.     Plaintiff performed manual labor for Defendants.

18.     Plaintiff was assigned to the said manual labor by Defendants.

19.     Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

20.     Plaintiff did not have to supply her own tools and equipment in connection with her work for Defendants.

21.     Plaintiff was required to report to work for Defendants at a certain time.

22.     Plaintiff could not set her own hours of work for Defendants.

23.     During the period, Plaintiff was not compensated at the proper minimum wage rate for all hours she worked.

24.     Defendants altered Plaintiff's recorded work hours in order to pay her less than she was entitled to.

25.     Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

26.     Defendant Chyrim Choi is the owner of Nails & Spa Together ("NST") Nail Salon.

27.     Defendant Chyrim Choi is at all relevant times hereto engaged in the business of Nail Salon.

28.     The defendants Nails & Spa Together, Inc and Nails & Spa On Second Avenue, Inc are at all relevant times hereto engaged in interstate commerce.

29.     The defendants Chyrim Choi ("Choi") managed, supervised, established, and administered the terms and conditions of Plaintiff's employment.

30.     Defendant Choi participated in and approved the unlawful pay practices of the business NST in the State of New York.

31.     Defendant Choi were involved in assigning work to Plaintiff.

32.     Defendant Choi had the power and authority to discipline Plaintiff.

33.     Defendant Choi exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

34.     Defendant Choi hired Plaintiff.

35.     Defendant Choi were in charge of paying employees.

36.     Defendant Choi told Plaintiff where to work and when to work.

37.     Defendants employed Plaintiff to do work for them in the State of New York.

38.     Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

39.     Defendants provided the tools and equipment and materials for the Plaintiff to do her job with Defendants.

40.     Defendants held Plaintiff out as an employee.

41.     Defendants employed and paid Plaintiff as their employee.

42.     Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

43.     Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

44.     Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

45.     No exemption from overtime applies or applied to Plaintiff when they worked more than 40 hours in a workweek for Defendants.

46.     Defendants failed to pay Plaintiff overtime wage for all hours worked in excess of 40 hours per workweek.

47.     Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

48.     Defendant Nails & Spa Together, Inc. is a New York corporation and is an enterprise as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

49.     Upon information and belief, Nails & Spa Together, Inc. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

50.     Defendant Nails & Spa On Second Avenue, Inc. is a New York corporation and is an enterprise as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and

is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

51.     Upon information and belief, Nails & Spa On Second Avenue, Inc. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

52.     Upon information and belief, Defendants Nails & Spa Together, Inc. and Nails & Spa On Second Avenue, Inc. at all relevant times were employers as defined by FLSA and NYLL.

53.     Defendant Chyrim Choi is the owner of corporation Defendants Nails & Spa Together, Inc and Nails & Spa On Second Avenue, Inc.

## JURISDICTION AND VENUE

54.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as all individual defendants are residents in this judicial district pursuant to 28 U.S.C. § 1391. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
## FAIR LABOR STANDARDS ACT
### Minimum Wage Claim

55.     Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

56.    The FLSA requires employers, such as Defendant, to pay employees the minimum wage for all hours worked.

57.    At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

58.    During the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

59.    Plaintiff does not or did not perform job duties or tasks that permit them to be exempt from a minimum wage as required under the FLSA.

60.    The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61.    Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at the minimum wage rate effective during the applicable workweek, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

62.    Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, plaintiff prays for judgment in her favor and against the Defendant, and each of them, and for the following relief:

A.  damages in an amount equal to the unpaid wages due and owing to the plaintiff, which were wrongfully converted to the Defendant' use as described above;

B.  interest on all amounts awarded;

C.  attorneys' fees, together with costs of suit and collection; and

D.  such further relief as may be fair and just in the premises

## COUNT II
## FAIR LABOR STANDARDS ACT
### Overtime Wages

63.        All allegations of the Complaint are expressly incorporated herein and Plaintiff

repeats and realleges each and every allegation set forth in this Complaint as though set

forth fully at length herein.

64.        This count arises from Defendants' violation of the Fair Labor Standards Act,

29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all

hours worked.

65.        For a certain period of her employment, Plaintiff regularly worked more than

40 hours a week and was never paid the proper amount of overtime wages.

66.        This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b)

and venue are proper in this judicial district.

67.        During the course of her employment by Defendants, Plaintiff was not exempt

from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

68.        Plaintiff was directed by Defendants to work and did so work, in excess of forty

(40) hours per week.

69.        Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in

excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and

one-half times her regular rate of pay.

70.        Defendants did not compensate Plaintiff at a rate of one and one-half times her

regular rate of pay for hours worked in excess of forty (40) hours in individual

workweeks.

71.        Defendants' failure and refusal to pay overtime premium at one and one-half

8

times Plaintiff' rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

72.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

    **WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A.  A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.  Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.  Reasonable attorney's fees and costs incurred in filing this action; and

D.  Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**NEW YORK LABOR LAW**
**Minimum Wages Claim**

73.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

74.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

75.     The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Minimum Wage Act Article 19 New York State Labor Law §650 et seq. Plaintiff brings this action pursuant to NYLL §663.

76.     At all relevant times herein, Defendants were "employers" as defined in the NYLL §651-6, and Plaintiff was an "employee" within the meaning of that Act §651-5.

77.     Pursuant to NYLL §652-1, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

78.     Defendants did not compensate Plaintiff minimum wages for all hours worked.

79.     Defendants violated the New York Labor Law by refusing to compensate Plaintiff's minimum wages for all hours worked.

80.     Pursuant to 19 NYLL 663-1 & 4, Plaintiff is entitled to recover her unpaid wages together with costs all reasonable attorney's fees, prejudgment interest, and an additional amount as liquidated damages equal to one hundred percent (100%) of the total of underpayments.

**WHEREFORE,** Plaintiff prays for a judgment against Defendants as follows:

A.  A judgment in the amount of unpaid minimum wages for all hours worked;

B.  Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C.  Reasonable attorney's fees and costs incurred in filing this action; and such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**NEW YORK LABOR LAW**
**Overtime Wages**

81.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

82.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

83.     The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the 12 NYCRR §142-2.2.

84.      Pursuant to 12 NYCRR § 142-2.2, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

85.      Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) hours in individual workweeks.

86.      Defendants violated the NYLL overtime wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) hours in individual workweeks.

87.      Defendants willfully violated the NYLL overtime wage law by refusing to compensate Plaintiff at one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of unpaid overtime wages for all hours worked;

B.    Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C.    Reasonable attorney's fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

### COUNT V
### Spread of Hours

88.      Under New York State law, the "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for that day. New York State law requires that an employer pay an

employee one (1) extra hour of pay at the minimum wage for each day that employee works an interval of more than ten (10) hours.

89.    Plaintiff regularly worked a "spread of hours" greater than ten (10) hours per day.

90.    Defendants never paid Plaintiff any additional compensation for working a "spread of hours" exceeding ten (10) hours per day.

91.    Defendants knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten (10) hours per day as required by the New York State labor regulations.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid spread of hours for all number of days she worked more than ten (10) hours in a day;

B. Pre-judgment interest pursuant to N.Y.C.P.L.R. §§ 5001, 5004;

C. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

D. Reasonable attorney's fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

### COUNT VI
### Time of Hire Wage Notice Requirement Violation

92.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93.    The NYLL requires employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of the minimum wage,

including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

94. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to the rate of pay, regular pay cycle and rate of overtime on her first day of employment.

95. Defendants not only failed to provide notice to each employee at the Time of Hire but also failed to provide notice to Plaintiff even after the fact.

96. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. An award of damages for Defendants' failure to provide wage notice at the time of hire as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

### COUNT VII
### Pay Stub Requirement

97. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98.     The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

99.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of the plaintiff and did not provide the paystub on or after Plaintiff's payday.

100.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each plaintiff together with costs and attorneys' fees pursuant to the New York Labor Law N.Y. Lab. Law §198(1-d).

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A.  An award of damages for Defendants' failure to provide pay stubs as required under the New York Labor Law;

B.  Reasonable attorney's fees and costs incurred in filing this action; and

C.  Such other and further relief as this Court deems appropriate and just.

### JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: April 3, 2024

 /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Ste 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com