USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHONG SUK LEE, on behalf of herself and a class and collective of similarly situated individuals,

                Plaintiff,

-v-

NAILS & SPA TOGETHER, INC., NAILS & SPA ON SECOND AVENUE, INC., d/b/a NAILS & SPA TOGETHER NAIL SALON, HEON MEE CHANG, HO SIK CHANG, and CHYRIM CHOI, in their individual and professional capacities,

                Defendants.

**MEMORANDUM AND ORDER**

24-CV-02549 (AT) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

Plaintiff Chong Suk Lee brought this action on behalf of herself and other similarly situated employees alleging violations of various provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by Defendants Chyrim Choi, Heon Mee Chang, Ho Sik Chang, Nails & Spa Together, Inc., and Nails & Spa On Second Avenue, Inc. (collectively "Defendants").

Now before the Court is Plaintiff's motion for conditional collective certification pursuant to 29 U.S.C. § 216(b) and for equitable tolling of the statute of limitations. Plaintiff seeks an order: (1) granting conditional collective certification of Plaintiff's FLSA claim "on behalf of herself and on behalf of all other similarly situated persons who were employed by Defendants as 'cosmetologist, nail technician, skin care technician, eyelash extension technician position during the

1

FLSA Collective Period;'" (2) directing Defendants to provide the names and contact information for those in the conditionally certified FLSA Collective; (3) approving and authorizing the posting of Plaintiff's proposed Notice of Pendency of Lawsuit ("Notice") and distribution of the Consent to Join Form to the potential collective members; and (4) tolling the statute of limitations for all putative members of the conditionally certified FLSA Collective from November 18, 2024 through the close of the notice period.[1]

For the reasons set forth below, Plaintiff's motion is **DENIED**.

I. BACKGROUND

A. Plaintiff's Claims

Except as noted, the following facts are taken from the Second Amended Complaint and declarations submitted by Plaintiff in support of her motion.

Plaintiff Lee worked as a nail technician at Nails and Spa Together, located at 1270 Second Avenue, New York, NY 10021, from approximately January 2013 to March 15, 2024. Declaration of Chong Suk Lee dated November 18, 2024 ("Lee Decl."), ECF No. 35-3 ¶ 2.

Plaintiff alleges that she did not receive the full minimum wage and overtime wage due to two unlawful practices. *See* Second Amended Complaint, ECF No. 29

---

[1] In the exhibits annexed to the Memorandum of Law in Support of Conditional Certification, Plaintiff used three dates other than November 18, 2024 as the start date of the Collective Period. ECF No. 35-4; ECF No. 35-7; ECF No. 35-8; ECF No. 35-9. Defendants dispute the controlling date to start the Collective Period. ECF No. 37. For this instant motion, the Court relies on Plaintiff's submission in the proposed order granting the motion for conditional certification but need not reach the issue of the FLSA Collective Period. ECF No. 35-9.

("SAC") ¶¶ 16–23.² First, Plaintiff alleges that she was subject to "time shaving" whereby Defendants altered her clock-in and clock-out times such that she was paid for fewer hours than she actually worked. *See* SAC ¶¶ 19–20. Plaintiff asserts that her workday typically started at 9:00 a.m. and ended between 7:30 and 8:00 p.m., but that she was required to record clock-in and clock-out times of 10:00 a.m. and 7:00 p.m. Lee Decl. ¶¶ 7–8. Accordingly, Plaintiff asserts that she performed "off the clock" work for more than two hours per day. *See* SAC ¶ 16. Second, Plaintiff alleges that her employers improperly deducted 30 minutes of lunchtime from her working hours, even on days when she had no lunch break. *See* SAC ¶¶ 21–22; Lee Decl. ¶ 9.

Plaintiff also alleges that her employer wrongfully retained 10% of the credit card tips she earned, purportedly for credit card processing fees. *See* SAC ¶¶ 14–15; Lee Decl. ¶ 10.

In addition to these FLSA violations, Plaintiff alleges violations of NYLL provisions regarding spread of hours compensation, wage notices and wage statements. These state law claims are asserted on behalf of all other similarly situated employees under Federal Rule of Civil Procedure Rule 23. *See* SAC ¶¶ 34–51. This conditional certification motion focuses on Plaintiff's federal FLSA claims, as opposed to her state law claims.

---

² The paragraphs from pages 5 to 7 in the Second Amended Complaint are numbered out of sequence. The paragraphs here being cited to start from the bottom of page 5 to the beginning of page 7.

### B. Procedural Background

Plaintiff Lee filed her original complaint on April 3, 2024, ECF No. 1, an amended complaint on April 22, 2024, ECF No. 13, and a second amended complaint (the "SAC"), which added Heon Mee Chang and Ho Sik Chang as Defendants, on October 23, 2024. ECF No. 29. Defendants answered the SAC on November 12, 2024. ECF No. 33.

On November 18, 2024, Plaintiff filed her motion for conditional collective certification, ECF No. 34, and supporting memorandum of law, ECF No. 35 ("Pl. Mem."), her own declaration, and the declaration of her attorney, Ryan Kim, dated November 18, 2024, authenticating various exhibits, ECF No. 35-1 ("Kim Decl."). On December 2, 2024, Defendants filed an opposition memorandum. ECF No. 37 ("Def. Opp."). On December 9, 2024, Plaintiff filed a reply memorandum. ECF No. 39 ("Pl. Reply").

Because Defendants have now answered that complaint, the Court will decide the motion based on the already-submitted briefing and with reference to the SAC. *See Edwards v. ServiceMaster Co., LLC, et al.*, 2021 WL 266549, at *1 (Jan. 26, 2021) (deciding the motion for conditional collective certification based on the already-submitted briefing).

## II. DISCUSSION

### A. Legal Standards

The FLSA provides that "any one or more employees" may bring an action against an employer "for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). An "employer" under the FLSA

4

is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

Unlike a class action brought under Rule 23 of the Federal Rules of Civil Procedure, a collective action requires "similarly situated" employees to affirmatively opt-in to the litigation by filing written consents. 29 U.S.C. § 216(b). "Although they are not required to do so by FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

Courts in this Circuit apply a "sensible" two-step method for determining whether to exercise this discretion. *Myers*, 624 F.3d at 555. In the first step, commonly referred to as "conditional certification," the named plaintiff must make a "'modest factual showing' that [she] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law,'" at which point the trial court may send (or direct plaintiff's counsel to send) a notice to potential opt-in plaintiffs. *Id.* (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). At the second stage, which typically occurs after discovery is completed, the court determines whether the opt-in plaintiffs are in fact "similarly situated" to the named plaintiff. *Id.* If not, the court may "de-certif[y]" the collective and dismiss the opt-in plaintiffs' claims without prejudice. *Id.*

5

Because the objective at the conditional certification stage is "merely to determine *whether* 'similarly situated' plaintiffs do in fact exist," a plaintiff has a lower burden of proof. *Id.* (emphasis in original). At this initial stage, the court examines the plaintiff's "'own pleading[], affidavit[], declaration[], or the affidavits and declarations of other potential class members'" to "determine whether the named plaintiff[] and putative class members are similarly situated." *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 558 (S.D.N.Y. 2013) (quoting *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 661 (S.D.N.Y. 2013)).

However, the requirement of a "modest factual showing" cannot be satisfied solely by the "unsupported assertions" in the plaintiff's pleading, *Raniere v. Citigroup, Inc.*, 827 F. Supp. 2d 294, 320 (S.D.N.Y. 2010) (quoting *Myers*, 624 F.3d at 555), or by affidavit or declaration made on "information and belief." *McGlone v. Cont. Callers, Inc.*, 867 F. Supp. 2d 438, 444 (S.D.N.Y. 2012). Admissible evidence such as "personal knowledge" is required. *Id.*; *Costello v. Kohl's Illinois, Inc.*, 2014 WL 4377931, at *5 (S.D.N.Y. Sept. 4, 2014) (concluding that plaintiffs' observations and communications with other potential class members satisfied the modest factual showing burden).

Moreover, to infer the "common policy" required for conditional collective certification, a plaintiff must demonstrate a "factual nexus" between his or her situation and those of other similarly situated employees. *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997); *Cuaya v. VI Dev. Grp., LLC*, 2020 WL 5494371, at *3 (S.D.N.Y. Sept. 10, 2020). A showing that the plaintiff herself was

"subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed [collective]" is a sufficient basis from which to infer such required "common policy." *Cortes v. New Creators, Inc.*, 2015 WL 7076009, at *3 (S.D.N.Y. Nov. 12, 2015) (quoting *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y 2007)).

Consistent with the minimal burden of proof required at the conditional certification stage, the court "should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated" and should not "resolve factual disputes . . . or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). Accordingly, where there is a conflict between the parties as to the facts underlying the plaintiff's wage and hour claims, the court should treat the plaintiff's attestations as true. *Jackson v. ProAmpac LLC*, 694 F. Supp. 3d 352, 365 (S.D.N.Y. 2023) (quoting *Cortes*, 2015 WL 7076009, at *1 n.1).

### B. Defining The Collective

Plaintiff seeks conditional certification of a collective of similarly situated individuals who were employed by Defendants as cosmetologists, nail technicians, skin care technicians, eyelash extension technicians, and other similar positions during the FLSA Collective Period. Pl. Mem. at 1. Defendants oppose conditional certification for three reasons. Def. Opp. at 6–10. First, Defendants contend that Plaintiff seeks to certify a class of non-existent employees, namely cosmetologists,

skincare technicians, and eyelash extension technicians, and fails to mention anyone falling within these categories by either first name, last name, or any other identifying trait. *Id.* at 7. Second, Defendants argue that, even assuming these job categories exist, Plaintiff failed to "offer any details as to [the] purported conversations she had [with these employees] by citing dates, times, and the frequencies" of the conversations, as well as the details as to the "hours, pay, tip distribution[,] and any other terms and conditions of their employment." *Id.* Finally, Defendants argue that Plaintiff failed to provide the names, hours, pay, or the details of the work performed by other nail technicians. *Id.* at 8. Thus, the issue presented is whether Plaintiff needs to include these details in her declaration to satisfy the modest factual showing that she and potential opt-in plaintiffs together were victims of a common policy or plan that violated the FLSA.

There is a consensus in this District that a plaintiff relying on observations of any coworker or conversations with them to assert a common unlawful policy must provide a minimum level of detail regarding the contents of those observations or conversations. *Munoz v. Grp. US Mgmt. LLC*, 348 F.R.D. 192, 203 (S.D.N.Y. 2025) (citing *Reyes v. Nidaja, LLC*, 2015 WL 4622587, at *3 (S.D.N.Y. Aug. 3, 2015)). The details that a plaintiff must offer consist of factual information suggesting that other employees were subject to the same unlawful practices, which include specific details about their names, job positions, hours worked, pay rates, and method of pay. *See, e.g.*, *Pequero v. Montafon, LLC*, 2020 WL 4016756, at *10 (S.D.N.Y. July 15, 2020). "Such details are particularly important when a conditional certification

8

motion is based on the *lone* affidavit of a *single* employee, who performed a *single* job function." *Mata v. Footbridge LLC*, 2015 WL 3457293, at *4 (S.D.N.Y. June 1, 2015) (citing *Garcia v. Spectrum of Creations Inc.*, 102 F. Supp. 3d 541, 549 (S.D.N.Y. 2015) (comparing a motion supported by the affidavits of two employees "based on their personal observations and on interactions with specifically identified employees" with the motion at issue in *Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014), in which a single plaintiff did not identify "by name and job title the individuals he had spoken to or whom he had observed being subjected to similar treatment.")) (emphasis added). Absent such information, a court has no basis to conclude that other workers whom the plaintiff tries to certify as a collective were subject to a common policy. *Id.*

"[I]nformation regarding 'where or when [a plaintiff's] observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process.'" *Mata*, 2015 WL 3457293, at *4 (quoting *Sanchez,* 2014 WL 465542, at * 2). Courts in this District have denied conditional certification based on affidavits and declarations that do not refer to specific conversations the plaintiff had with potential collective members. *See Yang v. Asia Mkt. Corp.*, 2018 WL 2227607, at *2 (S.D.N.Y. Apr. 3, 2018) (concluding that affidavit merely stating plaintiff meeting with coworkers from time to time when they arrived at or left work is insufficient to support conditional certification of a collective); *Sanchez*, 2014 WL 465542, at *2 (denying conditional certification where employee provided first names of five employees he

9

spoke to about the defendant's pay policies but failed to provide where or when these observations or conversations occurred); *cf. Costello*, 2014 WL 4377931, at *5 (concluding that plaintiffs' observations and communications with other potential collective members based on specific meetings and visits satisfied the modest factual showing burden).

However, a plaintiff need not provide "the times and dates" of the conversations so long as a court "can fairly infer" that other employees "labored under similar working conditions and thus suffered the same violations of the FLSA." *See Munoz*, 348 F.R.D. at 203 (quoting *Racey v. Jay-Jay Cabaret, Inc.*, 2016 WL 3020933, at *4 (S.D.N.Y. May 23, 2016)); *see also Garcia*, 102 F. Supp. 3d at 549 ("While it would be helpful to have the time and dates of conversations, it is not surprising that plaintiffs would be unable to recall such specifics."). For the court to infer that other employees were "labor[ing] under similar working conditions and thus suffered the same violations of the FLSA," a plaintiff must provide at least some details about their names, job positions, hours worked, pay rates, or method of pay. *See, e.g.*, *Munoz*, 348 F.R.D. at 203 n.6 ("Plaintiff Munoz attests that he would go to the bar with Fabio, Lopez, and Tapia, who would complain about the amount of non-tipped work they were required to do each shift and that their tips did not increase despite an increase in the number of customers served. Plaintiff Ramirez similarly attests that while Fernando and Sebastian were doing side work with him, they would complain about the amount of non-tipped work they were required to do, and that it was unfair that managers participated in the tip pool.") (citations

omitted); *see also Racey*, 2016 WL 3020933, at *4 ("[T]hough Plaintiffs' declarations do not recite dates and times of particular conversations with other potential opt-in plaintiffs, Plaintiff Williams' declaration indicates that he 'also worked alongside these other floor men and security employees and we were all not permitted to leave at 4:00 am but had to stay at the Club until the last employee (generally the manager) left.'").

Courts in this District have held that when only one plaintiff holds a particular job position, conditional certification of a collective including others in that job position is generally denied *unless* the plaintiff provides specific evidence, such as from plaintiff's direct observations or conversations with others, showing that others in similar job positions were also subject to a common unlawful policy. *Compare Pequero*, 2020 WL 4016756, at *11 (denying certification of prep cooks because the only plaintiff who is alleged to have performed any prep cook duties failed to offer information regarding how other prep cooks were paid or what hours they worked), *with Hernandez v. Bare Burger Dio Inc.*, 2013 WL 3199292, at *2 (S.D.N.Y. June 25, 2013) (granting conditional certification where plaintiff, the only individual to submit an affidavit in support of certification, asserted that "he personally observed that other tipped employees were also paid below the statutory wage"); *see also Huertero-Morales v. Raguboy Corp.*, 2017 WL 4046337, at *3 (S.D.N.Y. Sept. 12, 2017) ("While a single affidavit from a plaintiff can on its own merit conditional certification, conditional certification is not appropriate where a plaintiff 'provides no details about [his] conversations [with other employees] and

11

provides no affidavits from any other employees corroborating [his] claims.'") (quoting *Eng-Hatcher v. Sprint Nextel Corp.*, 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009)). In contrast, when two named plaintiffs hold the same job position and provide detailed descriptions of the hours worked, wage paid, and method of pay, the court may infer similar practices for other employees working in that position. *See, e.g.*, *Liping Dai v. Lychee House, Inc.*, 2018 WL 4360772, at *7 (S.D.N.Y. Aug. 29, 2018) (finding that certification was proper for other food preparers and cutters based on the description of the two named plaintiffs, who were food preparers and cutters).

To certify a collective including categories of workers beyond the named plaintiff's own job position, the named plaintiff must provide a "modest but job-specific factual showing" that these workers were subject to a common unlawful policy as plaintiff. *Liping Dai*, 2018 WL 4360772, at *10 (citing *She Jian Guo v. Tommy's Sushi Inc.*, 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014)). A complaint or affidavit that fails to specify the hours worked, wages paid, or job duties of employees beyond the named plaintiff's position is insufficient to demonstrate that those other employees were similarly situated. *See Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 564 (S.D.N.Y. 2015) (denying certification where plaintiffs' complaint and affidavits did not contain any factual allegation specific to other employees besides delivery people and chefs, such as "the specific hours worked by, or the amounts paid to, other employees"). However, the court may accept the named plaintiff's personal observations or conversations as sufficient evidence if

they indicate that similarly situated employees experienced comparable wage violations. *See Liping Dai*, 2018 WL 4360772, at *10 (finding that statements from plaintiffs about the wages and working schedules of oil woks who work in a different position than them, though lacking precise details, still suggested that those workers were similarly situated and met the preliminary burden for certification); *Yap*, 146 F. Supp. 3d at 563 (permitting certification of collective that included chefs, where one of the plaintiffs, a deliveryman, stated, based on personal knowledge, that chefs "worked the same number of hours and were paid similarly to [him]").

### C. Analysis

Here, while Plaintiff describes the alleged violations of law that she personally experienced, her statements about what other employees experienced are too conclusory to make even the modest factual showing required for conditional certification. In response to Defendants' argument that her factual showing was insufficient, Plaintiff marshalled the following proof in her reply brief:

> 1. Defendants required me **and other employees** to record clock-in times as 10:00 a.m. and clock-out times as 7:00 p.m. on the sign-in sheet, regardless of actual hours worked. (Plaintiff Decl. ¶ 8).
>
> 2. **I know that other employees**, cosmetologists, nail technicians, skincare technicians, eyelash extension technicians who performed similar work and were also not paid minimum wage, overtime wage, spread of hours pay, or all of their tips, **because I have spoken to them about it**. (Plaintiff Decl. ¶ [12]).[3]

---

[3] The Court corrected the paragraph number Plaintiff cited from her declaration.

> 3.  **My co-workers and I** were (1) not all paid the prevailing minimum wage; (2) not paid overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) in any given week; (3) not paid all tips earned, **because Nails and Spa Together retained tips**; (4) not paid all spread of hours compensation even though our shifts often exceeded ten hours in one day; and (5) not provided all wage notices and all wage statements. (Plaintiff Decl. ¶ 13).
>
> 4   While the exact number of the FLSA Collective is unknown to Plaintiff at present, **upon information and belief**, there are more than 40 other similarly situated persons who were employed by Defendants as "cosmetologist, nail technician, skin care technician, eyelash extension technician during the FLSA Collective Period." (Second Amended Complaint. ¶ 33).

Pl. Reply at 8–9 (emphasis in original).

Accordingly, Plaintiff asserts that *all* other employees in *all* relevant job categories were subject to the same workplace practices, but does not identify or provide factual detail about any one of them. In explaining her basis for making such sweeping statements, Plaintiff simply asserts, "I have spoken to them about it." Lee Decl. ¶ 12. But Plaintiff never specifies how, where, when or with whom such conversations took place. Nor does Plaintiff explain how she knows what hours other employees worked or what they were paid for such work. Further, statements made "upon information and belief," such as the final paragraph referenced above, are insufficient to support conditional certification. *See McGlone*, 867 F. Supp. 2d at 444). In essence, Plaintiff has tacked onto the description of *her own* experiences the conclusory assertion that all other employees experienced the same. The absence of supporting detail is particularly striking given Plaintiff's

14

contention that she worked at Nails and Spa Together *for over eleven years.* Lee Decl. ¶ 2.

In order to certify a collective involving job categories beyond Plaintiff's own position, she must provide a "modest but job-specific factual showing" that these other workers were subject to a common unlawful policy. *Liping Dai*, 2018 WL 4360772, at *10 (citing *She Jian Guo*, 2014 WL 5314822, at *3). Plaintiff describes her job duties as a nail technician, the hours she worked, and the wages she received. Lee Decl. ¶ 2–11. However, she does not describe the job duties, hours worked, and wages paid of employees working as cosmetologists, skincare technicians, eyelash extension technicians, and other similar positions which she did not specify. *See Liping Dai*, 2018 WL 4360772, at *10–11 (denying conditional certification of other categories of non-exempt workers because plaintiffs failed to provide information employees in these other unidentified categories were subject to a common unlawful compensation policy). Therefore, to the extent the proposed collective extends to cosmetologists, skincare technicians, eyelash extension technicians, and other positions, Plaintiff's motion for conditional collective certification is denied.

Additionally, Plaintiff has failed to meet her burden to certify a collective even as to other nail technicians. Plaintiff is the sole employee who submitted a declaration. Lee Decl. ¶ 2. She does not refer to any other nail technicians in particular, either using their names or other descriptive facts about them, who are subject to similar treatment. Nor does Plaintiff explain *how* she knows when other

nail technicians were required to clock in or clock out, what other nail technicians were paid, or whether they received tips. Absent such factual allegations, the Court cannot infer that other nail technicians are subject to a common unlawful policy alleged by Plaintiff. *See Garcia*, 102 F. Supp. 3d at 549. Therefore, Plaintiff's motion for conditional certification of a collective including others in the position of nail technician is denied.

Because Plaintiff has not made a sufficient showing to merit the conditional collective certification, the Court need not reach the other issues raised in the motion, regarding the FLSA Collective Period, the substance of the proposed Notice, and equitable tolling of the statute of limitations. Pl. Memo. at 12.

### III. CONCLUSION

For these reasons, Plaintiff's motion for conditional collective certification is **DENIED.**

**SO ORDERED.**

Dated: April 9, 2025
       New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge